COURT OF APPEALS
DECISION
DATED AND FILED

April 27, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.
**2020AP2150**
**2021AP90**
**2021AP91**
**2021AP92**
**2021AP93**

Cir. Ct. Nos. 2019JC133
2019JC134
2019JC135
2019JC136

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

NO. **2020AP2150**

IN THE INTEREST OF J.C.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

V.

K. H.,

RESPONDENT-APPELLANT.

NO. **2021AP90**

IN THE INTEREST OF J.C.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

**PETITIONER-RESPONDENT,**

V.

**K. R.,**

   **RESPONDENT-APPELLANT.**

---

## NO. 2021AP91

**IN THE INTEREST OF C.L.R., A PERSON UNDER THE AGE OF 18:**

**MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,**

   **PETITIONER-RESPONDENT,**

V.

**K. R.,**

   **RESPONDENT-APPELLANT.**

---

## NO. 2021AP92

**IN THE INTEREST OF E.M.R., A PERSON UNDER THE AGE OF 18:**

**MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,**

   **PETITIONER-RESPONDENT,**

V.

**K. R.,**

   **RESPONDENT-APPELLANT.**

---

No. 2021AP93

IN THE INTEREST OF G.H.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

V.

K. R.,

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Manitowoc County: MARK ROHRER, Judge. *Affirmed*.

¶1 GUNDRUM, P.J.[1] In these consolidated cases, K.R. appeals from December 7, 2020 orders of the circuit court instituting the permanency plans for his children, J.R., C.R., E.R., and G.R., under children in need of protection or services [CHIPS] dispositional orders. K.H., who is J.R.'s grandmother and former guardian and is K.R.'s mother, appeals only the order relating to J.R. K.R. and K.H. contend their due process rights were violated because they were "not permitted meaningful participation in the Permanency Plan Review hearing." They thus assert that the December 7, 2020 permanency plans are "void and must be vacated." Because the only issue they raise on appeal is moot, we affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

*Background*

¶2      On December 20, 2019, Manitowoc County Human Services Department took physical custody of K.R.'s children and three days later filed requests for temporary physical custody as well as CHIPS petitions alleging they were in need of protection or services pursuant to WIS. STAT. §§ 48.13(3m) and 48.13(10m), respectively relating to K.R.'s children being at substantial risk of abuse and neglect.  A court commissioner granted the requests for temporary physical custody.

¶3      On February 18, 2020, the County filed a Permanency Plan, and in June 2020, it filed another such plan in each of the cases.  Also in June 2020, the County filed amended CHIPS petitions and/or second amended CHIPS petitions alleging jurisdiction under WIS. STAT. § 48.13(4) after K.H. and K.R. entered no contest pleas.  Jurisdiction under § 48.13(4) is established when a "parent or guardian signs the petition requesting jurisdiction under this subsection and is unable or needs assistance to care for or provide necessary special treatment or care for the child."  On June 25, 2020, the circuit court entered dispositional orders that transferred legal custody of K.R.'s children to the County and adopted the conditions for return enumerated in the County's amended disposition reports.

¶4      On December 7, 2020, the circuit court adopted and ordered permanency plans with regard to K.R.'s children.  Dissatisfied with the orders,

4

K.R. and K.H. appeal them, which is the only matter currently before us in this appeal.[2]  In June 2021, the court entered new permanency plans.

## *Discussion*

¶5    On appeal, K.H. and K.R. assert that the December 7, 2020 permanency plans are void and must be vacated because they were "not permitted meaningful participation in the permanency plan review hearing."  The County contends K.H.'s and K.R.'s appeals are moot because the December 7, 2020 permanency plans, which are the only orders K.H. and K.R. challenge on appeal, are no longer in effect.  We agree with the County.

¶6    "An issue is moot when its resolution will have no practical effect on the underlying controversy."  *PRN Assocs., LLC v. State Dep't of Admin.*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559 (citation omitted).  Mootness is a question of law we review de novo.  *Id.*

¶7    As indicated, in June 2021, the circuit court entered new permanency plans in these cases.  Because of that, the December 7, 2020 permanency plans are, as the County asserts, no longer in effect.  Therefore, K.H.'s and K.R.'s challenges to those December 7, 2020 orders are moot.

---

[2] K.H. also contends in her brief-in-chief that J.R. "must be returned" to her custody because the circuit court failed to hold a hearing on the County's CHIPS petition within forty-eight hours of the County originally taking custody of J.R.  In her reply brief, K.H. acknowledges that this contention is in error and withdraws her appeal of this issue.  Moreover, the County points out that K.H. did not appeal the CHIPS petition but only appealed the December 7, 2020 permanency plan.  We address this issue no further.

¶8      K.R. asserts in his reply brief that the issue on appeal is not moot because "nowhere does the [C]ounty present evidence [K.R.'s] Due Process rights were respected" with regard to the *June 2021* permanency plans.  K.R. completely fails to develop this "argument," so we do not address it.  *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").  Moreover, the validity of the June 2021 permanency plans are outside the scope of this appeal and not before us, so questions related to K.R.'s due process rights in connection with those orders have no place in this appeal.

¶9      In her brief-in-chief, K.H. asserts that despite her only appellate issue being moot, we should nonetheless consider it because the question before us is "capable and likely of repetition and yet evades review," one of the "exceptional or compelling" circumstances, *see Portage County v. J.W.K.*, 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509, which allows a court to consider an issue despite its mootness, *see State ex rel. La Crosse Tribune v. Circuit Court*, 115 Wis. 2d 220, 228, 340 N.W.2d 460 (1983).  She fails to sufficiently develop an argument related to this point, and, as previously noted, we do not consider undeveloped arguments.  *See Clean Wis., Inc.*, 282 Wis. 2d 250, ¶180 n.40.  Moreover, when the County responds to her undeveloped "argument" in its response brief, she abandons that argument and instead suggests in her reply brief that we should ignore mootness because the matter before us is "of great public importance," which is a different exception to the mootness doctrine.  *See La Crosse Tribune*, 115 Wis. 2d at 229.  We also do not consider this "argument" as it was made for the first time in a reply brief, *see State v. Chu*, 2002 WI App 98, ¶42 n.5, 253 Wis. 2d 666, 643 N.W.2d 878 (stating that an appellate court will

not address arguments raised for the first time in a reply brief), and it too is completely undeveloped, *see Clean Wis., Inc.*, 282 Wis. 2d 250, ¶180 n.40.

¶10 For the foregoing reasons, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7